| | | | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 01 C 9928 | | DATE | 8/14/2003 |
| CASE TITLE | Darryl Duncan vs. Keith Lamanna, et al | | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion for Summary Judgment is GRANTED and this case is DISMISSED IN ITS ENTIRETY. All pending motions are DENIED AS MOOT.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 1 ___ date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | 27 |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 1 4 2003

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

DARRYL DUNCAN,

    Plaintiff,

v.

KEITH LAMANNA and FRANK LOPEZ,

    Defendants.

Case No. 01 C 9928

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Keith Lamanna ("Lamanna") and Frank Lopez's ("Lopez") joint Motion for Summary Judgment. For the following reasons, the motion is granted.

## SUMMARY JUDGMENT LEGAL STANDARDS

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The Supreme Court has emphasized "that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue [of material fact] for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 598-99 (7th Cir. 2000). A fact is "material" if it could affect the outcome of the suit under the governing law; a dispute

is "genuine" where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. In performing this task, all factual disputes are resolved, and all reasonable inferences are drawn, in favor of the nonmoving party. *Id.* at 255; *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002).

The burden is initially upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, that the moving party believes demonstrate an absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party may not rest upon the mere allegations contained in the nonmoving party's pleading, but rather "must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." FED.R.CIV.P. 56(e); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)(Under Rule 56(e), "if the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her." (emphasis in original)); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989); *see*

*Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994)(self-serving assertions without factual support in the record will not defeat a motion for summary judgment).

Summary judgment is thus mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In such a situation, there can be "'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and it should be interpreted in a way that allows it to accomplish its purpose. *Id.* at 323-24.

Under Local Rule 56.1(a)(3) of the Local Rules of the United States District Court for the Northern District of Illinois ("Local Rule 56.1(a)(3)"), a party moving for summary judgment must submit a statement of material facts in the form of short numbered paragraphs supported by specific references to the factual record. Lamanna and Lopez have done so, citing their own affidavits, deposition testimony from Barclay, and medical records from Duncan's visit to Waukegan's St. Therese Hospital following the arrest. Under Local Rule 56.1(1)(b)(3), Duncan, as the nonmoving

party, was required in turn to submit a response to each such paragraph, including (in the case of disagreement) specific references to the factual record. Duncan has failed to do so (in fact, he has failed to respond to the Motion for Summary Judgment at all). This failure carries drastic consequences, as "[a]ll material facts set forth in the statement required of the moving party will be deemed to be *admitted* unless controverted by the statement of the opposing party." LOCAL R. 56.1(b)(3)(B) (emphasis supplied). The Seventh Circuit has upheld the exacting nature of the local rules, sustaining the entry of summary judgment "when the non-movant has failed to submit a factual statement in the form called for by the pertinent [local] rule and thereby conceded the movant's version of the facts." Given the undisputed facts in this case, the Court's task then becomes to determine whether summary judgment is proper as a matter of law. *Cf. Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992).

## BACKGROUND

At some point between midnight and 3:00 on the morning of June 22, 2001, Plaintiff Darryl Duncan ("Duncan") knocked on the front door of Dorothea Barclay ("Barclay"), waking her, and asked to come inside so he could do drugs. Barclay, who had an outstanding Order of Protection against Duncan, refused to open her door and told Duncan to leave. Overhearing the late-night

- 4 -

commotion, one of Barclay's downstairs neighbors ultimately called the police.

Lamanna and Lopez, Waukegan police officers, separately responded to a dispatch resulting from the call; the dispatch identified a suspicious person named Darryl, possibly a black male, who was harassing people in the area. Lamanna saw Duncan leaving the area on a bicycle, fleeing two other officers who were attempting to speak with him. As Lopez arrived on the scene, he heard radio traffic from other officers saying that the suspect was fleeing southbound on Sheridan Road. He activated his lights, got out of his car, and attempted to stop Duncan, who in turn began riding his bicycle directly toward Lopez. Believing this to be Duncan's attempt to hit him with the bicycle, Lopez pushed Duncan away from him in a defensive manner. Duncan fell off the bicycle, then got up and began to run. Officers Lamanna and Lopez apprehended Duncan, handcuffed him, and took him to the police station. No other force was used in effecting the arrest. Hospital records reveal that Duncan suffered a bruised hip and strained wrists, but no other injuries.

On December 26, 2001, Duncan filed the instant complaint *pro se* pursuant to 42 U.S.C. § 1983, alleging: (1) "mental cruelty"; (2) "police brutality"; (3) "excessive force"; (4) "physical damage"; and (5) "[violation of] due process." Distilled to its essence, Duncan's complaint presents an excessive force claim.

Duncan seeks reimbursement for his medical bills, as well as compensation for lost wages, confiscated personal property and "physical damages." He also seeks $900,000 in unspecified damages.

## DISCUSSION

Liability under 42 U.S.C. § 1983 requires proof that Lamanna and Lopez were acting under color of state law and that their conduct violated Duncan's "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 471 (7th Cir. 1997); see *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994). Neither party disputes that the officers were acting under color of state law. The only issue is whether a reasonable jury could conclude from the undisputed facts surrounding Duncan's arrest that he suffered a deprivation of his constitutional rights, privileges, or immunities.

All claims of excessive force during the course of an arrest must be analyzed exclusively under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989)("[A]ll claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."). "Determining whether the force used to effect a

particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks omitted). Indeed, "proper application of the reasonableness standard requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*; *see Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)(test is "whether the totality of the circumstances justifie[s] a particular sort of . . . seizure").

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Terry v. Ohio*, 392 U.S. 1, 20-22 (1968). Under Fourth Amendment jurisprudence, the right to make an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 22-27; *see Lanigan*, 110 F.3d at 475.

> Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation.

*Graham*, 490 U.S. at 396-97 (internal quotation marks omitted). Furthermore, the reasonableness inquiry turns on whether the officers' actions were "objectively reasonable" in light of the totality of the circumstances confronting them, without regard to their underlying intent or motivation. *Graham*, 490 U.S. at 397; see *Scott v. United States*, 436 U.S. 128, 137-38 (1978); *McDonald v. Haskins*, 966 F.2d 292, 293 (7th Cir. 1992).

Duncan has failed to present any evidence from which a reasonable jury could conclude that the officers used excessive force in arresting him. The initial dispatch gave officers Lamanna and Lopez reason to detain Duncan. Further, they were making split-second judgments about the amount of force necessary to restrain a suspect who, in riding his bicycle toward Lopez in an attempt to strike him, posed "an immediate threat to the safety of the officers." *Graham*, 490 U.S. at 396. The amount of force that police officers may justifiedly use increases as the confrontation escalates. *Lanigan*, 110 F.3d at 475-476. Accordingly, officer Lopez's split-second decision to push Duncan away in a defensive manner was justified. Further, in getting up from the ground and beginning to run, Duncan became a suspect who was "attempting to evade arrest by flight," *Graham*, 490 U.S. at 396, and the Court holds that it was objectively reasonable for the officers to use an escalated amount of force - including forcible handcuffing, see *Apostal v. City of Crystal Lake*, 94 C 50068, 1995 WL 692680, at *5

(N.D. Ill. Nov. 22, 1995)("Obviously, police officers must use some physical force in handcuffing an arrestee. Likewise, in order to be effective, the handcuffs must be tight enough to prevent the arrestee's hands from slipping out."); *Platek v. Village of Lisle*, 94 C 7479, 1994 WL 444787, at *12 (N.D. Ill. Aug. 15, 1994) (grabbing wrist, twisting arm, pushing it behind arrestee's back, and handcuffing so as to cause bruises on wrists held not "excessive" force); *Alm v. Moreth*, 694 F.Supp. 1322, 1324 (N.D. Ill. 1988)(placing handcuffs on arrestee who had recently undergone wrist surgery was not "grossly disproportionate" force) – ultimately to apprehend and arrest Duncan.

Duncan concedes that no other force was used in his arrest. Accordingly, based on the undisputed factual record, no reasonable jury could conclude that either officer Lamanna or Lopez used excessive force in arresting Duncan. Summary judgment is therefore appropriate.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED** and this case is **DISMISSED IN ITS ENTIRETY**. All pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: August 14, 2003

Harry D. Leinenweber, Judge
United States District Court